# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Matthew F. Kennelly | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 13 C 584 | **DATE** | 4/9/2013 |
| **CASE TITLE** | Oluwashina Kazeem Ahmed-Al-Khalifa vs. United States | | |

**DOCKET ENTRY TEXT**

For the reasons stated below, plaintiff is ordered to show cause, by no later than May 7, 2013, why his case should not be dismissed for failure to comply with the FTCA's jurisdictional requisites and/or because his claim is barred by the statute of limitations. If plaintiff does not file a timely response, the Court will rule on these points without the benefit of his views.

■[ For further details see text below.]   Docketing to mail notices.

## STATEMENT

Oluwashina Kazeem Ahmed-Al-Khalifa has filed a *pro se* lawsuit naming the United States as defendant. Mr. Ahmed-Al-Khalifa was prosecuted for criminal offenses in this district in 2001 under the name Mark Ayilla. He pled guilty and was sentenced to a prison term. He filed a notice of appeal in early January 2002. Later in January 2002, he was evidently removed from Bureau of Prisons custody and was placed in the custody of U.S. immigration authorities for possible deportation. While his criminal appeal was pending, Mr. Ahmed-Al-Khalifa also filed a *pro se* motion under 28 U.S.C. § 2255, alleging ineffective assistance of counsel. He claimed that his guilty plea was unknowing and involuntary, and he sought release from immigration custody. The government responded by asking the district judge presiding over the case to dismiss the section 2255 motion, with leave to refile it after Mr. Ahmed-Al-Khalifa's direct appeal was concluded.

While Mr. Ahmed-Al-Khalifa's section 2255 motion was pending before the district court, the court of appeals granted a motion by his appellate attorney asking leave to withdraw from the appeal, and that court also dismissed Mr. Ahmed-Al-Khalifa's appeal because it could discern no non-frivolous arguments in his favor. Sometime before that date, however, immigration officials had already deported Mr. Ahmed-Al-Khalifa to Nigeria.

In his current lawsuit against the United States, Mr. Ahmed-Al-Khalifa alleges that his constitutional right to due process was violated by deporting him before his criminal appeal and section 2255 motion had been ruled upon. He alleges that this separated him from his family, resulted in loss of business and property as well as emotional distress, and deprived him of an educational opportunity in this country.

The United States has sovereign immunity from suit. The Federal Tort Claims Act (FTCA) provides a limited waiver of sovereign immunity for claims arising from certain types of torts committed by federal employees. *See* 28 U.S.C. §§ 1346(b) & 2671 - 2680. As a prerequisite to filing suit in court under the

| STATEMENT |
|---|
| FTCA, however, a claimant must file a claim with the administrative agency that employed the officials who committed the alleged wrong and await a decision by the agency regarding the claim. *See* 28 U.S.C. § 2675(a). There is no indication in Mr. Ahmed-Al-Khalifa's complaint that he complied with this prerequisite to filing the present lawsuit. In addition, the Court notes that it is highly likely that Mr. Ahmed-Al-Khalifa's claim is barred by the statute of limitations, seeing as how the claim accrued well over ten years before he filed the present lawsuit.<br><br>Mr. Ahmed-Al-Khalifa is ordered to show cause, by no later than May 7, 2013, why his case should not be dismissed for failure to comply with the FTCA's jurisdictional requisites and/or because his claim is barred by the statute of limitations. If Mr. Ahmed-Al-Khalifa does not file a timely response, the Court will rule on these points without the benefit of his views. |